UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

"IN ADMIRALTY"

ATAIETA IAFETA, OS, AGUSTU ELIAS
AITHUTA, AB, SAHID FNU, AB, KILIPATI
ENE, Cook, VICTOR VISHNEVSKIY, Chief
Engineer, YURIY PYROGOV, Chief Officer,
and TADEUSZ DUDEK, Captain, et al.,

            Plaintiffs,                    CASE NO.: I: 10-cv-20740-PCH

v.

M/V STELLA MARIS, her boats, engines,
boilers, tackle, equipment, apparel, furnishings,
freights, and appurtenances, etc., *in rem,* and
K/S BANGLADESH, II, *in personam,*

            Defendants.
--------------------------------------------------------/
NOVABANK FYN, A/S,

            Intervening Plaintiff,

v.

M/V STELLA MARIS, her boats, engines,
boilers, tackle, equipment, apparel, furnishings,
freights, and appurtenances, etc., *in rem,* and
K/S BANGLADESH I, *in personam.*

            Defendants.
--------------------------------------------------------/

## MOTION TO INTERVENE BY NOVABANK FYN, A/S

      COMES NOW, NOVABANK FYN, A/S ("NOVABANK"), by and through its undersigned

counsel, and files this Motion to Intervene against the M/V STELLA MARIS, her boats, engines,

boilers, tackle, equipment, apparel, furnishings, freights, and appurtenances, etc., *in rem,* and against

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

her owner Komplementarselskabet (K/S) BANGLADESH I, *in personam,* pursuant to the Supplemental Rules of Civil Procedure, pursuant to S.D. Loc. R. 5(b)(2) and Local Admiralty Rule E (2), and states as follows:

1.      NOVABANK requests leave to intervene in this proceeding in order to foreclose on a Preferred Ship Mortgage under 46 U.S.C. §§ 31301 et seq., giving rise to a statutory maritime lien, which is within the admiralty and maritime jurisdiction of this Court, as contemplated by Federal Rule of Civil Procedure 9(h).

2.      This Court has subject matter jurisdiction over NOVABANK's requested foreclosure action against the vessel *in rem*, pursuant to 28 U.S.C. § 1333 and 1367, and 46 U.S.C. § 31342(a), as well as the requested *in personam* claim against K/S BANGLADESH I for breach of the Loan Agreement, attached as Exhibit 1 to the Verified Intervening Complaint, attached hereto. (See, Complaint, Ex. 1).

3.      The M/V STELLA MARIS  is within the jurisdiction of this Court, as it is currently in the custody and control of the substitute custodian [D.E. 10]. The M/V STELLA MARIS has been seized by the United States Marshall pursuant to Verified Complaint filed by the Plaintiffs herein and Order of this Court. [D.E. 1, 7]. Sale has been ordered and will take place September 2, 2010.

4.      NOVABANK is a Danish financial institution which inter alia, has been assigned, and holds the mortgages over the M/V STELLA MARIS, Official Number 2988, as the successor in interest to Fionia Bank Holding, A/S, and Fionia Bank, A/S. As the assignee of the Loan Agreement, NOVABANK holds the rights to the preferred ship's mortgage and is the real party in

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

interest in this foreclosure action.

5.      Defendant Mortgagors K/S BANGLADESH I is a limited partnership duly organized and doing business under the laws of Denmark, and owns the M/V STELLA MARIS at all times herein. K/S BANGLADESH I is a wholly-owned subsidiary of STELLA SHIPPING P/S.

6.      K/S BANGLADESH I is within the personal jurisdiction of this Court, having conducted business with NOVABANK and others in the state of Florida as part of the M/V STELLA MARIS' regular trading route from Haiti to Miami, U.S.A.

7.      STELLA SHIPPING P/S, a company organized and doing business under the laws of Denmark, is the parent company and sole shareholder of K/S BANGLADESH I, and who did pledge security on the loan under the Loan Agreement. (See, Verified Intervening Complaint, Ex.1, "Loan Agreement" § 14.1).

8.      On or about August 11, 2008, lender Fionia Bank A/S and its successors and assignees, and K/S BANGLADESH I, as Borrower and Guarantor, executed a Loan Agreement to facilitate the purchase the M/V STELLA MARIS, in the amount of DKK 28,000,000 (twenty-eight million Danish Kroner). (Ex. 1, Complaint's Exhibit 1).

9.      The loan was to be repaid in sixty equal quarterly instalments. In the event of the sale of the vessel, K/S BANGLADESH I agreed to pay the entire amount owing in full, no later than simultaneously with the transfer of title to the vessel.  (Intervening Complaint, Ex. 1 thereto, Loan Agreement, p. 7, § 11.1).

*Iafeta v. M/V STELLA MARIS et al.*
Case No.: 10-20740-PCH

10.     The Loan Agreement was recorded against the M/V STELLA MARIS on September 25, 2008, in the Register Book of Ships and Seamen, Antigua and Barbuda, which is the country of the vessel's registration. A true and correct copy is attached as Exhibit 2 to the Complaint. (See, Complaint, Ex. 1).

11.     Under the Loan Agreement, an event triggering default on the loan also obliges the Borrower to indemnify the Lender for all costs incurred in enforcing the Financing Documents. (Intervening Complaint, Ex. 1, Loan Agreement, § 12.7 and § 12.9).

12.     The Loan Agreement obliged the Borrower to inform the Lender of any material event that may or is likely to have a material influence on its financial and/or operational status, and of any event triggering Default. (Loan Agreement, § 16.1.1(e) and § 16.1.1.(f)). The Loan Agreement also provides that additional security will be provided should the vessel's value fall below 125% of the Indebtedness.  (Loan Agreement, § 16.1.3(a)).

13.     The M/V STELLA MARIS was arrested on or about March 18, 2010 [D.E. 10] and compulsory sale of the vessel was ordered thereafter. [D.E. 60]. NOVABANK was not sufficiently notified of the compulsory sale, delaying the issuance of a demand for the outstanding indebtedness and NOVABANK's appearance in this matter. A Default event has occurred and payment in full is due. The vessel M/V STELLA MARIS has been validly pledged as security on this loan and NOVABANK FYN A/S/ therefore claims the proceeds of the compulsory sale of the vessel.

14.     The foregoing Preferred Ship's Mortgage over the M/V STELLA MARIS constitutes a valid maritime lien on the vessel, pursuant to Title 46 U.S.C. Chapter 313, in an amount of or in

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

excess of DKK 30,863,437.00 (thirty million, eight hundred sixty-three thousand, four hundred thirty-six Danish Kroner (USD 5,499,788.30), plus interest and costs and other monies. As the assignee of the mortgage, NOVABANK FYN A/S is entitled to foreclose on the mortgage as a result of the default events under the Loan Agreement.

## MEMORANDUM OF LAW

### A.   NOVABANK Has an Enforceable Maritime Lien Against M/V STELLA MARIS and Will be Irrevocably Prejudiced if Not Allowed to Intervene

As the lender of the mortgage to the M/V STELLA MARIS, NOVABANK is allowed intervention as of right under FRCP 24. The Local Rules provide for the timing of the filing of claims and obliges parties with rights under the Rules to move to intervene after the sale date is set for the vessel. Allowing NOVA BANK to attempt to recoup as much of the defaulted mortgage monies would not be futile, it would not prejudice any of the other claimants, it would prevent NOVA BANK from being entirely divested of any chance to regain funds before the sale of the vessel extinguishes all liens against the vessel.

It is well settled law that M/V STELLA MARIS' default on the mortgage under the terms of the mortgage gives rise to a maritime lien which entitles NOVA BANK to enforce its agreement with the owners of the vessel in an *in rem* action. Preferred Ship Mortgages are a statutorily created way for lenders to recoup monies lent to the owners of a vessel who default in repayment of the mortgage loan. A "preferred" ship mortgage is one that qualifies as a non-possessory property right of a non-owner when it (1) includes the whole of the vessel; (2) is filed in substantial compliance with 46 USCS § 31321; and (3) covers a documented vessel; ... . 46 U.S.C. § 31322.

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

A preferred mortgage lien may be enforced in a United States District Court on default of any term of the preferred mortgage. 46 U.S.C. § 31325 "Preferred mortgage liens and enforcement." The enforcement may be in the form of a civil action *in rem* for a foreign vessel and an *in personam action* against the mortgagor, maker, co-maker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness, provided that the remedy is allowed under applicable law, and the exercise of the remedy will not result in a violation of 46 U.S.C. § 56101 or § 56102. See, 46 U.S.C.S. § 31325.

A foreign lender may foreclose on a foreign vessel in a United States District Court. "At the outset, all that is required for a foreign mortgage to be given preferred status under the Ship Mortgage Act, as amended in 1954, is proof of due execution and valid registration as required under foreign law." Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, 970 F. Supp. 471, 484 (E.D. Va. 1997), citing Mobile Marine Sales, Ltd., R.S. v. M/V PRODROMOS, 776 F.2d 85, 88 (3d Cir. 1985)("the intention of the [Ship Mortgage Act] is to provide a simplified procedure for enforcing [foreign] mortgages").

Successors in interest to the original mortgage lenders are entitled to foreclose on a mortgage validly assigned to them. Fortis Bank (Nederland) N.V. v M/V Shamrock, 379 F Supp. 2d 2, 2005 AMC 2561 (D. Maine 2005) (Bank was holder of preferred mortgage on vessel and was entitled to enforce its preferred mortgage lien where bank became successor in interest under loan agreement with borrower, which borrowed money for construction of vessel, and borrower defaulted on its payments under mortgage on vessel sold at public auction).

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

## B.      Federal Rules Entitle NOVABANK to Intervene as of Right

The right to intervene is provided under Fed. R. Civ. P. 24(a) "Intervention of Right,"

providing that Rule 24 reads in pertinent part:[u]pon timely application anyone shall be permitted

to intervene in an action:

> (1) when a statute of the United States confers an unconditional right to intervene;
> or (2) when the applicant claims an interest relating to the property or transaction
> which is the subject of the action and the applicant is so situated that the disposition
> of the action may as a practical matter impair or impede the applicant's ability to
> protect that interest, unless the applicant's interest is adequately represented by
> existing parties.

Fed. R. Civ. P. 24(a)

The Ship Mortgage Act of 1920, originally codified as 46 U.S.C. ss. 911-984 and now

amended as 46 U.S.C. ss. 31301 et seq., was amended so as to cover foreign ship mortgages.

Brandon v. S/S Denton, 302 F.2d 404, 409, 412 (5th Cir. 1962) (The priority of maritime liens

asserted in Federal Court is determined by 46 U.S.C. ss. 31301 et seq., even as to foreign ship

mortgages); Tropicana Shipping, S. A. v. Empresa Nacional "Elcano" De La Marina Mercante, 366

F.2d 729, 732 (5th Cir. La. 1966) (foreign ship mortgages may be "Preferred Ships Mortgages" under

the federal statute and foreign parties on both sides may seek the Court's involvement in foreclosing

on a foreign vessel; finding no abuse of discretion by the trial court in failing to decline jurisdiction

because the interests of American citizens were not involved).

"The enactment of the Ship Mortgage Act of 1920, 41 Stat. 1000, 46 U.S.C. §§ 911-984, and

the 1954 amendment, 68 Stat. 323 (now 46 U.S.C. § 31322), manifests a Congressional policy to

confer jurisdiction on the federal courts in controversies arising out of properly recorded ship

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

mortgages as a means of "affording substantial security to persons supplying essential financing" to the shipping industry." Empresa Nacional "Elcano" De La Marina Mercante, 366 F.2d at 732, citations omitted. "... [T]he clear language of the statute encompasses both American and foreign mortgagees." Empresa Nacional "Elcano" De La Marina Mercante, at 732, citing Brandon v. Denton, supra; and see, Israel v. The Motor Vessel Nili, 435 F.2d 242, 254 (5th Cir. Fla. 1970), holding that "A study of the policy considerations before Congress shows that foreign mortgagees are within the statute. ... Congress was also concerned with the international ramifications of amendment. The hearings show Congress's sympathy with international attempts toward uniformity in establishing a suitable forum for the enforcement of all properly executed and registered mortgages regardless of the mortgagee's nationality." (citing Empresa Nacional "Elcano" De La Marina Mercante; and Brandon v. Denton, supra).

There is no question that NOVABANK has an unconditional right under 46 U.S.C.S. §§ 31322 and 31325, "Preferred mortgage liens and enforcement," to intervene in this matter, and should be granted leave to do so.

**C.    Local Rules Allow NOVABANK to Intervene as of Right and at the Court's Discretion**

The sale of the M/V STELLA MARIS is scheduled for September 2, 2010.  In accordance with Local Admiralty Rule 5(b)(2), the automatic right to file a claim ceases to exist once the sale date for the vessel is set and the sale will take place within twenty-one days of the time the motion to intervene is filed.

*Iafeta v. M/V STELLA MARIS et al.*
Case No.: 10-20740-PCH

In pertinent part, the Rule provides that :

no person shall have an automatic right to intervene in an action where the Court has ordered the sale of the vessel or property and the date of the sale is set within twenty-one (21) days from the date the party moves for permission to intervene in accordance with this subsection. In such cases, the person seeking permission to intervene must:

(1) File a motion to intervene and indicate in the caption of the motion a request for an expedited hearing when appropriate.

(2) Include a copy of the anticipated intervening complaint as an exhibit to the motion to intervene.

(3) Prepare and offer for filing a supplemental warrant of arrest and/or a supplemental process of attachment and garnishment.

(4) Serve copies of the motion to intervene, with exhibits and proposed process upon every other party to the litigation.

(5) File a certificate of service indicating the date and manner of service.

Thereafter, the Court may permit intervention under such conditions and terms as are equitable to the interests of all parties. . . <u>Isbrandtsen Marine Servs. v. M/V Inagua Tania</u>, 93 F.3d 728, 732 (11th Cir. 1996) (emphasis added), citing Admiralty Loc.R. E(2)(b).

A party seeking permissive intervention must show that (1) the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." <u>Newman v. Sun Capital, Inc</u>., 2009 U.S. Dist. LEXIS 123632 (M.D. Fla. Dec. 11, 2009).

*Iafeta v. M/V STELLA MARIS et al.*
Case No.: 10-20740-PCH

If each of these four requirements are met, the court must allow the party to intervene in the action. Id., citing TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District, 983 F.2d 211, 215 (11th Cir. 1993)). NOVABANK meets the relevant criteria as follows:

**(1)    NOVABANK's Motion to Intervene is Timely**

The timeliness requirement under Rule 24(a) has no definite time limit. This is reserved to the District Court's Local Rules and/or the Court's discretion. Newman v. Sun Capital, Inc., 2009 U.S. Dist. LEXIS at *8, citing Heaton v Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). NOVABANK, located in Odense, Denmark, was not notified when the vessel was arrested nor was NOVABANK notified of the sale of the vessel until the last week of July.

Generally, Courts consider four factors in making a determination of timeliness: (1) length of delay in seeking intervention; (2) prejudicial impact of such delay on the existing parties; (3) prejudice to the intervenor if intervention is denied; and (4) other factors affecting fairness in an individual case.  Newman v. Sun Capital, Inc., at *7, citation omitted. In the instant case, the Rule 26 case management scheduling conference has taken place, a scheduling order has been entered [D.E. 38], and mediation has occurred, wowever, this Motion is still filed prior to the 21-day deadline in the Local Admiralty Rules.

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

**(2)   NOVABANK Has an Interest in the Case**

NOVABANK is the holder of the mortgage on the vessel, and has the largest claim of any creditor in this matter. The element of "interest" is one that is a "significantly protectable interest," i.e., one which is direct, substantial and legally protectable (owned by that party, and in the instant case, by NOVABANK FYN, A/S). Newman v. Sun Capital, Inc., at *7, and see, Georgia v. United States Army Corps of Eng'rs, 302 F.3d 1242, 1249 (11th Cir. 2002); see, also, See, e.g.,  Empresa Nacional "Elcano" De La Marina Mercante, 366 F.2d at 732; Brandon v. Denton, supra.

NOVABANK is assigned the mortgage on the vessel, and is the only party holding the rights to that significant and legally protectable interest. The loan is in jeopardy of being extinguished by the compulsory sale of the vessel. The interest can be most directly preserved and/or secured by intervention in this proceeding.

**(3)   Disposition of the *In Rem* Action Without NOVABANK Harms and Prejudices its Ability to Protect its Interest in the Vessel**

Sale of the vessel will extinguish rights NOVABANK has in the M/V STELLA MARIS. The sale in an *in rem* proceeding clears a vessel of all maritime liens and that the purchaser gained good title against the world. Isbrandtsen Marine Servs. v. M/V Inagua Tania, 93 F.3d 728, 732-733 (11th Cir. 1996) (The Court retains jurisdiction in the *in rem* action after the sale and during the time the proceeds of the sale remain in the Court's registry); Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 261 F.2d 861, 864 (5th Cir. 1958)[1].

_____

[1]  See, Bonner v. City of Prichard, Ala., 661 F.2d 1206 (11th Cir. 1981) (en banc) (the Eleventh Circuit adopts as precedent the decisions of the 5th Circuit rendered prior to 10/01/1981.

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

Intervenor NOVABANK's mortgage against the M/V STELLA MARIS will cease to be a maritime lien and will be extinguished by the Marshal's sale. This will leave NOVABANK with no opportunity to collect against the defaulting vessel *in rem*, and because it is perhaps the only asset of the corporation, no meaningful ability to collect against BANGLADESH.

The existing parties to the action do not represent NOVABANK's interests, necessitating NOVABANK's intervention into this matter in order not to lose the entire amount outstanding on the mortgage. The proceeds for the sale of the vessel should be sufficient to cover the claims filed thus far, and NOVABANK's claim will not compete against seaman's wage claims.

**(4)**    **NOVABANK's Interest is Not Protected by Existing Parties**

There is no question that none of the parties seeks to protect the interests of NOVABANK. The Supreme Court has held that the inadequate representation requirement of Rule 24(a)(2) "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate," and "the burden of making that showing should be treated as minimal." Danner Construction Co., 2009 U.S. Dist. LEXIS 79488, 2009 WL 2525486 at * 4, citing Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n. 10 (1972).

None of the parties herein have been assigned any part of the mortgage. The vessel owner is in default on the mortgage payments and owes quite a bit of money to NOVABANK. Any leftover proceeds of the vessel's sale would go to the owners. Without the ability to intervene, the interests of NOVABANK will be harmed and prejudiced as to its interest in the mortgage of the vessel, leaving K/S BANGLADESH I entitled to any remaining proceeds of the sale of the vessel.

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

## CONCLUSION

Because the sale of the M/V "STELLA MARIS" is still scheduled for sale to be held

September 2, 2010. Intervenor NOVABANK meets the requirements for intervention as of right and

for permissive intervention under S.D. Local Admiralty Rule 5(b)(2).

WHEREFORE, NOVABANK FYN, A/S respectfully requests this Court enter an Order:

A.      GRANTING the within Motion to Intervene;

B.      DEEMING the proposed Intervening Verified Complaint *in Rem* and *in personam*
         filed as of the filing date of this Motion; and

C.       For such other and further relief as this Court deems just and proper.

DATED: August 10, 2010.

                                   HAYDEN MILLIKEN & BOERINGER P.A.
                                   *Attorneys for NOVABANK FYN A/S*


                         By:     *Patricia Leigh McMillan Minoux*
                                 Reginald M. Hayden, Jr., Esq.
                                 Florida Bar No. 097106
                                 Patricia Leigh McMillan Minoux , Esq.
                                 Florida Bar No. 624543
                                 2121 Ponce de Leon Boulevard
                                 Suite 730
                                 Miami, Florida 33134-5222
                                 Telephone: (305) 662-1523
                                 Facsimile:  (305) 663-1358
                                 rhayden@hayden-milliken.com
                                 lmcmillan@hayden-milliken.com

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Motion to Intervene was served upon all

counsel of record in this matter by CM/ ECF, listed below, this 10th day of August, 2010.

By:     *Patricia Leigh McMillan Minoux*
        Patricia Leigh McMillan Minoux , Esq.
        Florida Bar No. 624543

**Ataieta Iafeta; Agustu Elias Aithuta; Sahid Fnu; Kilipati Ene; Victor Vishnevskiy; Yuriy Pyrogov; Tadeusz Dudek; Jumadi Fnu; Rante Sukun; Sergey Korelskiy; Andrey Kurbatov; Yuriy Gennadiy Manzhos**

Ross B. Toyne, Esq.
TOYNE & MAYO, P.A.
150 SE 2nd Avenue, Suite 1025
Miami, FL 33131-1577
305-377-1910
Fax: 305-377-1915
Email: rbtoyne@passengerlaw.com

**M/V Stella Maris,** *in rem,* and **K/S Bangladesh II**, *in personam*

Michael Frederick Guilford, Esq.
MICHAEL F. GUILFORD, P.A.
44 W. Flagler St.
Suite 750
Courthouse Tower
Miami, FL 33130
305-539-1999
Fax: 539-1998
Email: mfguilford@crewcounsel.com

**Golten Service Co., Inc.**
Jed Louis Kurzban, Esq.
Marvin Kurzban, Esq.
KURZBAN KURZBAN WEINGER & TETZELI
2650 SW 27th Avenue, 2nd Floor
Miami, FL 33133
305-444-0060
Fax: 444-3503
Email: jkurzban@kkwtlaw.com
Email: mkurzban@kkwtlaw.com

**Antillean Marine Shipping Corp.**
Nicolas G. Sakellis, Esq.
44 W Flagler Street
Suite 750
Miami, FL 33130
305-577-4221
Fax: 577-3341
Email: nsakellis@att.net

*Iafeta v. M/V STELLA MARIS et al.*
*Case No.: 10-20740-PCH*

| | |
|---|---|
| **Germanischer Lloyd, AG** | **S. Danoff U.S.A. Limited** |
| **Germanischer Lloyd USA, Inc.** | Patrick Edward Novak, Esq. |
| Steven J. Miller, Esq. | HORR NOVAK & SKIPP |
| THE MILLER LAW OFFICES | 9100 S Dadeland Boulevard |
| 801 Brickell Avenue | Suite 1104 |
| Suite 900 | One Datran Center |
| Miami, FL 33131 | Miami, FL 33156-7866 |
| 305-803-5168 | 305-670-2525 |
| Fax: 800-881-6174 | Fax: 670-2526 |
| Email: steve@miller-law-offices.com | Email: patrickn@admiral-law.com |