UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20740-CIV-HUCK/O'SULLIVAN

IN ADMIRALTY

ATAIETA IAFETA, OS, AGUSTU ELIAS
AITHUTA, AB, SAHID FNU, AB, KILIPATI ENE, Cook,
VICTOR VISHNEVSKIY, Chief Engineer, YURIY PYROGOV,
Chief Officer, and TADEUSZ DUDEK, Captain, et al.,

       Plaintiffs,

v.

M/V STELLA MARIS, her boats, engines,
boilers, tackle, equipment, apparel, furnishings,
freights, and appurtenances, etc., *in rem*, and
K/S BANGLADESH, II, *in personam*,

       Defendants.
_____/
NOVABANK FYN, A/S,

       Intervening Plaintiff,

v.

M/V STELLA MARIS, her boats, engines,
boilers, tackle, equipment, apparel, furnishings,
freights, and appurtenances, etc., *in rem*, and
K/S BANGLADESH, II, *in personam*,

       Defendants.
_____/

## ORDER

THIS MATTER is before the Court pursuant to the Motion to Intervene by

Novabank FYN, A/S (DE# 84, 8/10/10) as amended, the Motion for an Order Directing

the Issuance of the Warrant of Arrest and/or Summons (DE# 85, 8/10/10), and the

Motion Requesting Expedited Hearings on Novabank Fyn, A/S' Motion to Amend Its

Motion to Intervene and Amended Motion to Intervene (DE# 87, 8/19/10). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). (DE# 89, 8/23/10); (DE# # 96, 8/25/10). This Court previously granted the motion to amend the motion to intervene (DE# 88, 8/20/10). Having reviewed the motions and responses, and being otherwise duly advised in the premises, it is

ORDERED AND ADJUDGED that for the reasons discussed below the Motion to Intervene by Novabank FYN, A/S (DE# 84, 8/10/10) as amended and the Motion for an Order Directing the Issuance of the Warrant of Arrest and/or Summons (DE# 85, 8/10/10) are GRANTED. Novabank's Complaint attached to its Motion to Amend Novabank Fyn A/S' Motion to Intervene (DE# 86, 8/19/10) is deemed filed as of the date of this Order. It is further

ORDERED AND ADJUDGED that the Motion Requesting Expedited Hearings on Novabank Fyn, A/S' Motion to Amend Its Motion to Intervene and Amended Motion to Intervene (DE# 87, 8/19/10) is DENIED as moot and the **hearing** set before the undersigned on **Wednesday, September 1, 2010, at 10:30 A.M.** is **CANCELLED**. It is further

ORDERED AND ADJUDGED that the Clerk is directed to issue a warrant of arrest and summons and process of attachment and garnishment pursuant to the Supplemental Rules (B)(1) and (C)(1) and Local Admiralty Rules B(3)(a) and C(2)(a).

<u>BACKGROUND</u>

On March 11, 2010, the crew filed their wage claims against the vessel and the owners (DE# 1). The vessel was arrested on March 18, 2010, and is currently in the

custody and control of the substitute custodian.  (DE# 10) The vessel, the M/V Stella Maris, is scheduled to be sold on September 2, 2010.  (DE# 60)

Novabank[1] requested leave to intervene in this proceeding to foreclose on a foreign Preferred Ship Mortgage under 46 U.S.C. §§ 31301 et seq.  Novabank Fyn A/S ("Novabank") filed its motion to intervene on August 10, 2010, which was nine (9) days after the Court-imposed deadline for filing claims of August 1, 2010 (DE# 60), and twenty-three (23) days before the scheduled sale of the subject vessel, which is set on September 2, 2010.  On August 19, 2010, Novabank filed a motion to amend its motion to intervene, which the Court granted on August 20, 2010.  (DE# 88)

On August 23, 2010, the undersigned held a status conference and set certain deadlines.

On August 24, 2010, Novabank filed Novabank Fyn A/S' Brief re: Rule C in Rem Actions and the Court's Determination of a Claimant's Motion to Intervene (DE# 93) That same day, K/S Bangladesh I by special limited appearance, and the M/V Stella Maris, filed their Response to Nova Bank's Motion for Expedited Hearing.

On August 30, 2010, Golten Service Co. and Germanischer Lloyd, intervening plaintiffs, filed notices indicating that they do not oppose Novabank's motion to intervene.  (DE# 99 and 101, respectively)

On August 30, 2010, various crew member plaintiffs filed their response in opposition to Novabank's amended motion to intervene.  (DE# 102)

---

[1]Novabank holds a mortgage over the M/V Stella Maris, as the successor in interest to Fionia Bank Holding, A/S, by Fionia Bank, A/S.  On or about August 11, 2008, lender Fionia Bank A/S and the owners executed a Loan Agreement for the purchase of the M/V Stella Maris.  The Loan Agreement was recorded September 25, 2008, in the vessel's country of registry, Antigua and Barbuda.

On August 30, 2010, Antillean Marine Shipping Corp. filed its objection and response in opposition to Novabank Fyn, A/S' motion to intervene and to amend motion to intervene.  (DE# 103)

On August 30, 2010, the vessel, the M/V Stella Maris, filed its objections to Novabank's motion and amended motion to intervene.  (DE# 105)

## DISCUSSION

The owners and the vessel concede that this Court has discretion to rule on Novabank's amended motion to intervene either before or after the sale of the vessel provided that if the Court resolves the motion after the sale of the vessel that the proceeds of the sale of the vessel remain within the Court's registry.  Resp. at 2 (DE# 94, 8/24/10).  See Local Rule 5 (b)(2); Isbrandtsen Marine Services, Inc. v. M/V Inagua Tania, 93 F.3d 728,733-34 (11th Cir. 1996) (recognizing that the court  retained jurisdiction in the *in rem* action because the proceeds of the sale remained in the Court's registry in lieu of the *res*)(citing Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 261 F.2d 861, 864 (5th Cir. 1958)).

In the Eleventh Circuit,[2] liberality in allowing intervention

> ... is a recognition of the unavoidable consequence of a sale of a vessel in an in rem proceeding.  The sale cuts off the rights of all non-parties.  The title from the marshal is good against the world.  Unless one claiming a lien is given the opportunity of asserting his right as against the proceeds resulting from the sale which as been made or is in the course of being carried out, the rights are forever and irretrievably lost.

Id. at 866 (citing 2 Benedict, Admiralty § 231 (6th ed. 1940), Gilmore & Black, Admiralty §§ 9-85 (1957)).

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

Rule 24(b) of the Federal Rules of Civil Procedure governs permissive intervention and provides in pertinent part

> (1) In General.  On timely motion, the court may permit anyone to intervene who:
>    (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b).

Novabank's automatic right to intervene expired on August 1, 2010, which was the Court-imposed deadline for filing claims against the vessel.  <u>See</u> Local Admiralty Rule 5(b)(2).  However, Novabank's motion to intervene was filed on August 10, 2010, which is more than 21 days before the September 2, 2010 scheduled sale of the vessel.  <u>Id</u>.

Local Admiralty Rule 5(b)(2) provides in pertinent part that

> no person shall have an automatic right to intervene in an action where the Court has ordered the sale of the vessel or property and the date of the sale is set within twenty-one days from the date the party moves for permission to intervene in accordance with this subsection.  In such cases, the person seeking permission to intervene must:
> (1) File a motion to intervene and indicate in the caption of the motion a request for an expedited hearing when appropriate.
> (2) Include a copy of the anticipated intervening complaint as an exhibit to the motion to intervene.
> (3) Prepare and offer for filing a supplemental warrant of arrest and/or a supplemental process of attachment or garnishment.
> (4) Serve copies of the motion to intervene, with exhibits and proposed process upon every other party to the litigation.
> (5) File a certificate of service indicating the date and manner of service.

Local Admiralty Rule 5(b)(2). The court may permit intervention under "such conditions and terms as are equitable" to the interests of all parties.  <u>Isbrandtsen Marine Servs.</u>, 93 F.3d at 733 (quoting the former Local Rule).

Novabank claims to have a foreign Preferred Ships Mortgage.  The undersigned

finds that Novabank has complied with Local Admiralty Rule 5(b)(2) and should be permitted to intervene.  The other parties have failed to show that Novabank's nine-day "delay [in filing its motion to intervene] has subjected [the other claimants] to a disadvantage in asserting and establishing [their respective] claimed right or defense." Point Landing, Inc., 261 F.2d at 865 (citation omitted).  The crew member plaintiffs object to Novabank's motion to intervene on the grounds, among others, that the plaintiffs settled their lien claims at mediation for $155,128.13 and that the settlement may not be effective if Novabank is permitted to intervene. The crew members' lien claims will not be extinguished by Novabank's intervention.  Novabank claims a foreign Preferred Ship's Mortgage in the amount of approximately  $5.5 million (U.S. dollars). Equity demands that Novabank's lien compete with all other liens on the basis of relative rank and priority.  Novabank has the "right to come in and prove the existence, validity and priority of its lien."  Id. at 866 (citing The Admiral, 208 F.2d 461 (5th Cir. 1953)).

Accordingly, Novabank's Motion to Intervene is GRANTED and the Clerk is directed to issue a warrant for the arrest of the vessel, M/V Stella Maris, and summons and process of attachment and garnishment pursuant to the Supplemental Rules (B)(1) and (C)(1) and Local Admiralty Rules B(3)(a) and C(2)(a).

DONE AND ORDERED in Chambers at Miami, Florida this **31st** day of August, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
All counsel of record

6